**UNITED STATES DISTRICT COURT**
**FOR THE**
**DISTRICT OF COLUMBIA**

**UNITED STATES OF AMERICA**

**v.**

**HELGA MOOR**

_____/

    **Mag. No. 06-mj-00006-JMF-86**

    **(Ticket No. P-571210)**

    **Trial Date: February 15, 2006**

**GOVERNMENT'S OPPOSITION TO DEFENDANT'S**
**MOTION TO DISMISS OR, IN THE ALTERNATIVE, TO CONTINUE THE**
**FEBRUARY 15, 2006 TRIAL DATE**

    The United States, by and through its attorney, the United States Attorney for the District

of Columbia, respectfully responds to the defendant's January 23, 2006 motion to dismiss the

violation, or in the alternative, to continue the February 15, 2006 trial date,[1] and states further as

follows:

    1.    On September 26, 2005, the defendant participated in a demonstration that

culminated on the White House Sidewalk, an area subject to regulation by 36 C.F.R. § 7.96 and

administered by the National Park Service.  This area is located in the 1600 block of

Pennsylvania Avenue, NW, Washington, DC, north of the White House complex property.  The

organizer of the demonstration applied for and was  issued a permit by the National Park Service

for demonstrations on the Ellipse and in Laffayette Park.  Specifically, the organizers did not

seek a permit for demonstrations on the White House Sidewalk.

---

[1]The government interprets the defendant's January 23, 2006, letter to the Court as a
motion to dismiss or, in the alternative, to continue the February 15, 2006 trial date.

On three occasions, shortly before 1:40 p.m. on September 26, 2005, United States Park Police officers gave audible warnings to the defendant (and others) that they were in violation of the regulations applicable to the White House Sidewalk area.  Federal Regulation 36 § 7.96(g)(2)(i) does not allow demonstrations by groups of more than 25 individuals without a valid permit in the White House Sidewalk area.  At the time the U.S. Park Police gave the audible warnings, the defendant was with more than 25 demonstrators in the designated area. Using a megaphone, the U.S. Park Police officers, in each of the three warnings, instructed the defendant among others to leave the area or be subject to arrest.  From approximately 1:40 p.m. forward, the defendant remained on the White House Sidewalk.  As a result, the U.S. Park Police officers placed her under arrest for violating 36 C.F.R. § 7.96(g)(2), Demonstrating Without a Permit.  The defendant was issued a Violation Notice and released after processing.  The defendant was permitted by the Violation Notice to pay a $50 fine (plus $25 processing fee) in satisfaction of the offense or to plead not guilty and promise to appear in court.

2.     Defendant was originally scheduled to go to trial in this matter on December 21, 2005.  Because the arresting officer responsible for the defendant's arrest was unavailable for trial on that date, the Government moved for a continuance.   On December 21, 2005, the Court granted that motion, over the defendant's objection, and re-set the defendant's trial for February 15, 2006.

3.     Now, the defendant moves to dismiss the violation or, in the alternative, to continue her trial date.   The defendant argues that her case should be dismissed because at the demonstrator trial before Magistrate Judge Robinson on January 18, 2006, Magistrate Judge Robinson dismissed cases against a number of defendants where the arresting officer could not

be present.   Ms. Moor argues that this Court's grant of the government's motion to continue her

trial date was inconsistent with Magistrate Judge Robinson's ruling dismissing the cases before

her.   Ms. Moor's argument should be rejected.   As this Court is aware, its ruling on a motion to

continue was well-within its discretion to administer its calendar, and based on the specific facts

before it.   The fact that another judge may have dismissed rather than continued a different

matter has little bearing on this Court's decision, and would not provide a basis for overturning

this Court's ruling granting the continuance here.

    In any event, the factual scenario presented to Magistrate Judge Robinson was different

than that presented here.   The officer who was unavailable for the January 18, 2006, trial date

before Magistrate Judge Robinson had left the jurisdiction and the employ of the United States

Park Police.   For that reason, the government did not seek a continuance of his cases and did not

object to their dismissal.   That was not the case here.   The officer who arrested Ms. Moor was

temporarily unavailable for trial on December 21, 2005 and remains an active member of the

United States Park Police.   Accordingly, the government sought a continuance of the trial date to

a date when the officer could be available for trial.   This Court granted that request.   Defendant

provides no basis for overturning that ruling.

    4.    The government does not oppose, however,  the defendant's request that her

February 15, 2006 trial date be continued, provided that it is continued to April 19, 2006 which is

the next trial date related to the September 26, 2005 demonstration.   Presently, a number of the

September 26, 2005 defendants are scheduled for trial on April 19, 2006.   It is undersigned

counsel's understanding that none of the September 26, 2005 defendants, other than Ms. Moor,

are scheduled to go to trial on February 15, 2005.   For that reason, the government previously

filed a motion asking that the Ms. Moor's trial date be continued until April 19, 2006. The motion remains pending before the Court. Granting that request would serve the interests of judicial economy as it would permit the remaining September 26, 2005 defendants to be tried in one trial, rather than two.

WHEREFORE, for the foregoing reasons, the Government respectfully requests defendant's motion to dismiss be denied and that trial in this matter be continued to April 19, 2006.

Respectfully submitted,

Kenneth L. Wainstein
UNITED STATES ATTORNEY

_____
G. Michael Harvey
ASSISTANT UNITED STATES ATTORNEY
Bar No.447465
Federal Major Crimes Section
555 4th Street, N.W., Room 4243
Washington, D.C.  20530
202/305-2195

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing motion was served by U.S. mail upon the pro se defendant, Helga Moor, 1606 First Avenue, New York, New York, 10028 this ___ day of February, 2006.

_____
ASSISTANT UNITED STATES ATTORNEY

4

# UNITED STATES DISTRICT COURT
## FOR THE
### DISTRICT OF COLUMBIA

**UNITED STATES OF AMERICA**

                    **Mag. No. 06-mj-00006-JMF-86**

    **v.**                **(Ticket No. P-571210)**

                    **Trial Date: February 15, 2006**

**HELGA MOOR**

_____/

## ORDER

Upon consideration of the defendant's January 23, 2006 motion to dismiss the violation, or in the alternative, to continue the February 15, 2006 trial date,[2] and the record herein, it is this _____ day of _____, 2006, hereby

ORDERED, that the defendant's motion to dismiss be, and hereby is, DENIED; and it is further

ORDERED, that trial in this matter is continued until April 19, 2006.


_____
UNITED STATES DISTRICT JUDGE


copies to:

AUSA G. Michael Harvey
555 4th St., N.W., Room 4243
Washington, DC 20530

_____

[2]The Court deems the defendant's January 23, 2006, letter to the Court as a motion to dismiss or, in the alternative, to continue the February 15, 2006 trial date.

Helga Moor, <u>pro se</u>
1606 First Avenue
New York, New York 10028